UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER NORMAN DE CAMP,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. 1:22-cv-01289-ADA-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>(Doc. 4)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Christopher Norman De Camp ("Plaintiff"), proceeding with counsel, seeks review of a decision of the Commissioner of Social Security. (Doc. 1.) On December 6, 2022, the Court denied Plaintiff's application to proceed without prepayment of fees and costs. (Doc. 4.) The Court directed Plaintiff to pay the $402.00 filing fee in full to proceed with this action within thirty (30) days following service of the order. (*Id.* at 4.) The Court warned Plaintiff that the failure to comply with the order may result in dismissal of the action. (*Id.*) More than thirty days have passed since service of the Court's order and Plaintiff has not paid the $402.00 filing fee for this action. The Court therefore will recommend dismissal of this action based on Plaintiff's failure to comply with a Court order, failure to pay the filing fee in full, and failure to prosecute.

///

1

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.,* 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (standards governing dismissal for failure to comply with court orders). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *Id.* (citation omitted).

A civil action may not proceed absent the submission of the filing fee unless the party is granted leave to proceed *in forma pauperis*. 28 U.S.C. §§ 1914, 1915. As Plaintiff has failed to pay the filing fee, and his request to proceed *in forma* pauperis has been denied, the Court is left with no alternative but to dismiss this action. This action can proceed no further without Plaintiff's cooperation and compliance with the Court's order. Moreover, the matter cannot simply remain idle on the Court's docket, unprosecuted, awaiting Plaintiff's compliance.

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED based on Plaintiff's failure to comply with the Court's order, failure to pay the filing fee and failure to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **January 10, 2023**                    /s/ Barbara A. McAuliffe            _
                                                        UNITED STATES MAGISTRATE JUDGE

3